GEORGE HARROTT v. THE STATE.

No. 13825.   Delivered January 7, 1931.
Reported in 34 S. W. (2d) 270.

The opinion states the case.

*W. J. Baldwin* and *J. R. McDougald,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for five years.

John LaCoste, deceased, operated a dairy midway between Beaumont and Port Arthur on the interurban railway.   Appellant and his wife lived at the dairy and worked for deceased until August 1, 1929, at which time a misunderstanding about a cow arose between appellant and deceased.   Appellant and his wife left, and appellant did not again take up his duties for deceased.   His wife later returned to the dairy, where she worked until deceased was killed. Appellant was seen in the vicinity of the dairy on the day of the homicide.   Deceased was last seen alive by members of his family about 5 o'clock p. m.   Returning from a drive they entered the house of deceased about 8 o'clock p. m. and found that he had been recently shot.   The greater part of the side of his face had been

blown away, the wound indicating that a shotgun had been held in close proximity to his head. The interurban railway company maintained a flag station near the dairy. About 7:35 p. m. on the evening of the homicide the motorman and conductor in charge of the car making the trip to Port Arthur saw appellant walking along the track toward Port Arthur. He was in the vicinity of the dairy and near the flag station. On the return trip of the car to Beaumont, appellant was at the flag station, the time about 8:20 p. m. He boarded the car and rode to Beaumont. On the night of the death of deceased officers searched appellant's room. An investigation of his effects disclosed a pair of trousers concealed in his bedding. The legs were wet about halfway between the bottom and knees. The shoes appellant was wearing were also wet. The morning following the homicide tracks leading from the home of deceased to a canal ditch in the vicinity of the interurban station were discovered. Following these tracks from the house into the water, officers discovered the stock of a shotgun in the ditch, and some distance away they found the barrel of the gun. The tracks led from the place where the gun was discovered in the direction of the flag station on the interurban lines. At this point we quote the testimony of one of the witnesses as follows:

"The tracks lead from the place where we found the gun in the canal in the direction of the interurban depot. They were leading towards the Interurban tracks. The tracks lead down into the water in the canal and up on the other side of the water and then towards the Interurban track."

The ground was wet and there was water in the canal and ditches. The officers placed the shoes found on appellant on the night of the homicide in the tracks where they led away from deceased's house and also in the tracks found at the canal and in its vicinity. Their testimony was to the effect that the shoes of appellant fitted the tracks. The tracks were also measured. Touching the method employed, one of the officers testified: "We put the left shoe in the left track and put the right shoe in the right track. * * * These shoes fit those particular tracks that I have described." Appellant did not testify in his own behalf, but attempted, by the testimony of one witness, to raise the issue of alibi.

The court gave an instruction covering the law of circumstantial evidence. Applying the test of the law, we are unable to reach the conclusion that the jury were not warranted in returning a verdict of guilty.

The testimony failed to raise the issue of alibi. Hence a charge covering the law of alibi was properly refused.

It appears that appellant objected to the testimony showing that his shoes fitted the tracks, his ground of objection being that it was not shown that he wore such shoes on the date of the homicide. It being uncontroverted that the shoes belonged to appellant, it would appear that the objection went to the weight of the testimony rather than to its admissibility. It may be added that the testimony on the part of the state showed that the shoes placed in the tracks were the same shoes appellant was wearing on the night of the homicide.

There appears to have been no affirmative defense raised by the testimony. Hence the objection to the charge on the ground that appellant's affirmative defense was not submitted was properly overruled.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.